**UNITED STATES, Appellee,**

v.

**Specialist Devin D. ARCHULETA, 162–66–1103, United States Army, Appellant.**

**ACMR 9300738.**

U.S. Army Court of Military Review.

27 June 1994.

For Appellant: Captain Roy H. Hewitt, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Gregory T. Baldwin, JAGC, Captain Joel B. Miller, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and BAKER, Appellate Military Judges.

OPINION OF THE COURT

JOHNSTON, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial com-

posed of officer members of one specification of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.

Although the appellant has asserted numerous errors, only one merits discussion: whether the military judge erred in applying Military Rule of Evidence 504(b) [hereinafter Mil.R.Evid.], concerning confidential communications made during marriage, when he denied the defense motion to prevent disclosure of the appellant's comments to his wife. Reviewing this issue in accordance with the mandate of Article 66, UCMJ, 10 U.S.C. § 866, we hold that the military judge erred, but that the ruling had no prejudicial impact upon the appellant. Consequently, we affirm.

The charges in this case came about when the appellant and his wife were apprehended for pilfering stereo compact discs, videocassettes, and electronic equipment from the Army and Air Force Exchange Service [hereinafter AAFES] store in Germany where she worked. Because of inordinate losses in that particular store, AAFES installed a video surveillance system that videotaped the activities of the appellant and his wife as they concealed and carried off items for which they had not paid.

At trial, the wife admitted her wrongdoing, but claimed that the appellant was unaware that she had not paid for the merchandise she gave to him to remove from the store. However, when she was apprehended and questioned by the authorities, she admitted that she had revealed her thievery to him in early July 1993, prior to his active involvement in the theft. In her statement, she related that he responded that "it was ok just as long as [she] did not get caught." The government sought to admit the comment as evidence of the appellant's joint participation with his wife in the series of thefts. The military judge ruled that the appellant's comment was admissible in spite of a defense objection based on the marital privilege of Mil.R.Evid. 504(b).

Military Rule of Evidence 504(b) provides in pertinent part that "[a] person has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, any confidential communication made to the spouse of the person while they were husband and wife." The rule further provides that a communication is confidential "if made privately" and "not intended to be disclosed to third persons other than those reasonably necessary for transmission of the communication." The appellant's assertion of the privilege at trial was consistent with that portion of the rule that it "may be claimed by the spouse who made the communication."

Government appellate counsel seek to justify the military judge's ruling admitting the appellant's comment to his wife on the basis of the federal common law "joint criminal venture" exception to the privilege cited by this court in *United States v. Martel*, 19 M.J. 917 (A.C.M.R.1985). A careful reading of that case, however, reveals that the holding was based on the nonconfidential nature of the communication at issue and the noncommunicative actions that were taken as part of a joint venture. As that case properly notes, the privilege relates to confidential utterances and communications rather than joint illegal activities. *Id.* at 926.

■ We question the validity of the dicta in *Martel* discussing the joint criminal venture exception to confidential marital communications.[1] The court apparently reasoned that a federal common law exception could be applied to a specific privilege created by Mil.R.Evid. 504(b). Military Rule of Evidence 501(a)(4) provides that the principles of common law generally recognized in the trial of criminal cases in the United States

---

1. The Air Force Court of Military Review also has attempted to apply the "co-conspirator" or "crime-fraud" exception recognized under federal common law to the marital communication privilege as recognized in military law. *See United States v. Smith*, 30 M.J. 1022 (A.F.C.M.R. 1990), *aff'd on other grounds, United States v. Smith,* 33 M.J. 114 (C.M.A.1991). In reviewing the case, the Court of Military Appeals relied upon waiver of the privilege instead of finding that the privilege was not applicable because of a common law exception.

district courts may be a basis for a *claim* of privilege "only insofar as the application of such principles in trials by courts-martial is practicable and not contrary to or inconsistent with the code, these rules or this Manual." The rule does not provide, however, that a federal common law exception can defeat a statutory privilege. Thus, there is no basis in the provisions of Mil.R.Evid. 504(b) or its listed exceptions to limit its applicability solely to confidential communications made during a marriage that are not part of a joint venture in illegal activity. *See Smith,* 33 M.J. at 119–20 (Everett, S.J. concurring).

The Court of Military Appeals in *United States v. Tipton,* 23 M.J. 338, 343 (C.M.A. 1987), suggests that the methodology to be used in analyzing a claim of husband-wife privilege in a court-martial is different from that used in the federal courts.[2] While a judge of a Federal District Court or Court of Appeals "has the responsibility of examining the policies that gave rise to this marital privilege at common law and to determine whether 'reason' or 'experience' sustain invocation of the privilege in a particular case," the Military Rules of Evidence list various privileges and specifically enumerate limited exceptions to those privileges. We interpret this distinction to mean that the common law exceptions do not apply per se to the husband-wife communication privilege created by Mil.R.Evid. 504(b)

■ We find that the statement at issue made by the appellant to his wife was a confidential communication. We also find that the statement admitted by the military judge over defense objection was not part of a joint venture. We do not construe the statement as an admonition for her to be more careful in future criminal activities or as a statement of his approval and willingness to share. The statement could be construed as an admonishment to her to not get caught for her past acts. Thus, we conclude on the facts of this case that the military judge erred when he applied a federal com-

mon law exception to the marital confidential communication privilege created by Mil. R.Evid. 504(b).

■ Applying a harmless error analysis to the military judge's non-constitutional error, we note that the evidence against the appellant was overwhelming. The statement the wife gave to police authorities when she was apprehended clearly showed that he was extensively involved in a joint criminal enterprise the purpose of which was to take numerous small and large items from the AAFES stereo store where his wife worked. Whatever suggestion of prejudice might be raised by admitting her statement about his comment, there is no real issue as to his guilt. The surveillance camera videotape of the store clearly shows that the appellant shared his wife's criminal intent and facilitated her crime. Although we find error by the trial judge in admitting the comments the appellant made to his wife, we also find no prejudice to the appellant in light of other admissible evidence that clearly showed his culpability.

We have reviewed the other assigned errors and the errors personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge BAKER concur.

---

**2.** A court "which is applying the Federal Rules of Evidence occupies a quite different position from a court applying the Military Rules of Evidence. The Federal Rules do not codify the privileges available in trials in the Federal District Courts.

Instead, as to criminal trials, they only state that privileges 'shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience.' " *Tipton,* 23 M.J. at 343.